## Myers et al., Executors, Appellants, *v.* Borough of South Bethlehem.

## Borough of South Bethlehem *v.* Weiss et al., Executors, Appellants.

*Streets—Opening—Right of municipality to discontinue proceedings—Final judgment for damages.*

A final judgment for damages for the opening of a street is conclusive, although appeals of other property owners are undisposed of and, subse-

quent to the judgment, the ordinance for the opening of the street is repealed by the borough councils; and although there is no actual taking or occupation of the land.

*Mandamus execution—Bill in equity to restrain.*

In such a case the property owner is entitled to a mandamus execution; and a bill in equity will not lie to restrain his proceeding on the judgment.

Argued March 10, 1892. Appeals, Nos. 277 and 278, Jan. T., 1892, from decrees of C. P. Northampton Co., by George H. Myers and Francis Weiss, Jr., executors of Francis Weiss, deceased; No. 277, from decree Dec. T., 1887, No. 16, overruling demurrers to returns to petition for a mandamus execution against defendant; and No. 278, from decree April T., 1891, No. 1, overruling demurrer to bill in equity, to restrain proceedings on the judgment in the other case. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The judgment of the executors of Francis Weiss, deceased, against the Borough of South Bethlehem for damages by reason of the opening of Front street in said borough, having been affirmed by the Supreme Court on Oct. 6, 1890, (136 Pa. 294,) on Nov. 10, 1890, the executors presented a petition to the court of common pleas of Northampton Co., praying for a mandamus execution. A rule to show cause was granted; and the borough on Nov. 24, 1890, filed an answer setting forth that the judgment of the executors was for damages for the opening of Front street in said borough and that said street had not yet been opened and no land had been taken by the borough for the street. The executors demurred to this answer. On March 28, 1891, the borough filed a supplemental answer, setting out that the ordinance to open Front street, by reason of which the damages sought to be collected had been assessed, had been repealed in Feb., 1891; and that the claims of other property owners on said street had not been prosecuted to judgment, but were pending on appeals of the owners from the report of viewers; that no physical possession of Front street had been taken by the borough and no change whatsoever had occurred therein; and that the borough had filed a bill in equity to vacate the judgment of the executors and to enjoin further proceedings thereon, upon the payment to said executors of all legal costs and expenses suffered by them. To this supplemental return, the executors demurred on the following grounds:

(1) that the judgment affirmed by the Supreme Court was final; (2) that the bill in equity would not lie, the defendant having had its day in court; (3) that the supplemental return after demurrer filed and issue joined on demurrer to former answer, without notice to the relator, was irregular; and (4) that the return was " in other respects, uncertain, informal, insufficient and defective." The bill in equity is correctly summarized above. No formal demurrer was filed to the bill in equity; but it was treated by the court below as if it had been specifically demurred to. The court below in an opinion by REEDER, J., citing Elliott on Roads and Streets, 209–11; High on Injunctions, § 130; Volkmar Street, 124 Pa. 320, entered the following decree:

" We will therefore have to overrule the demurrers, deny the petition for a mandamus execution, and make such decree as will preserve the said executors of Francis Weiss from any payment of costs and charges.

"Now, January 18, 1892, Aaron Goldsmith, Esq., is hereby appointed master to ascertain the amount of legal costs and expenses the aforesaid estate of Francis Weiss has suffered because of the passage of the ordinance and institution of said proceedings of the borough of South Bethlehem, and upon payment of said legal costs and expenses so ascertained, the said judgment is hereby decreed, annulled and vacated."

*Error assigned* was the decree as above, quoting it.

*W. E. Doster*, for appellants.—A municipal corporation may, in this state, discontinue proceedings for the opening, etc., of a street *before* confirmation of the report of viewers, but *after* that it is too late. Phila. v. Dickson, 38 Pa. 247; Hampton v. Commonwealth, 19 Pa. 329; Dist. of the City of Pittsburgh, 2 W. & S. 320; Funk's Admrs. v. Waynesboro School Dist., 18 W. N. C. 447; Dillon on Municipal Corporations, 3d ed., §§ 608 and 479, and cases cited; In re Sedgeley Ave., 88 Pa. 509; In re Lex or Mica St., 12 Phila. 622; Beale v. P. R. R. Co., 86 Pa. 509; Neal v. P. & C. R. Co., 31 Pa. 19; see also Lewis on Eminent Domain, § 655; Drath v. B. & M. R. R. Co., 15 Neb. 367–371; In re Rhinebeck & Conn. River R. R. Co., 67 N. Y. 242–249; People ex rel. Gas Light Co. v. Syracuse, 78 N. Y. 56.

The act of May 16, 1891, P. L. 78, § 7, providing that in case

a municipal corporation shall repeal any ordinance or discontinue any proceedings taken, prior to entry, etc., and within 30 days after filing the report of viewers, said municipality shall not be liable to pay damages, but only the costs and actual damage by reason of the proceedings, was merely declaratory of the existing law. The period of 30 days after filing the report is the period allowed both sides for taking an appeal under the act of 1874; and the new act is tantamount to providing that after an appeal or confirmation, there can be no discontinuance, which is the extent to which this court was willing to go in Funk v. Waynesboro, supra.

The borough was not entitled to the relief asked for in its bill in equity: Waldo v. Denton, 135 Pa. 183. The repeal was not an accident as in Hampton v. Commonwealth, 19 Pa. 329. In this case, there was no discovery of additional circumstances after the trial; nor fraudulent concealment preventing the discovery of such circumstances; and an injunction does not lie: Adam's Eq. 383.

*J. Davis Broadhead,* for appellee.—The granting of a writ of mandatory execution is a matter of discretion which is not reviewable: Commonwealth v. Davis, 109 Pa. 128; Bain and Kern v. Funk, 61 Pa. 185; Newhart v. Wolfe, 2 Penny. 295; Brightly's Dig. of Cases, vol. 1, page 811, § 78.

The mandamus was properly refused because there had been no physical taking: Negley Ave., 146 Pa. 456; Whitaker v. Phœnixville, 28 W. N. C. 30; Volkmar Street, 124 Pa. 320; Elliott on Roads and Streets, 209–211.

At the time the ordinance was rescinded, two appeals in this matter were pending and undetermined. As long as the total amount of compensation remains undetermined, the municipality has the right to discontinue: Dillon on Mun. Corp., 3d ed. § 608.

A municipal corporation may abandon and discontinue the proceedings before actual appropriation: Hampton v. Commonwealth, 19 Pa. 329; O'Neill v. Freeholders, 41 N. J. Law, 161, 172–3; Garrison v. New York, 21 Wall. 196.

The borough tendered all costs and expenses as sanctioned and affirmed in Funk's Admrs. v. Waynesboro School Dist., 18 W. N. C. 447.

In Whitaker v. Bor. of Phœnixville, 28 W. N. C. 32, Judge GREEN says that the decision in Phila. v. Dickson, 38 Pa. 248, that the owner had a right to have his damages assessed as soon as the street was established whether it was opened or not, was because the act of 1855 expressly gave that right, which was not given by the act of 1856, under which the proceedings in that case were instituted; but that in Volkmar Street, 134 Pa. 320, the court had decided that the right of action to have damages assessed did not commence until the opening of the street or the doing of some unequivocal act which indicated that the possession of the owner was about to be disturbed; and in Easton Bor. v. Rinek, 116 Pa. 7, that no damages were sustained until the street was opened. The appeals here were under the act of June 13, 1874, § 1, P. L. 283, providing for appeals in case of property " taken, injured or destroyed." No property was taken, injured or destroyed. The railroad cases cited by appellant were under an act which made the damages recoverable whenever the railroads shall " survey, ascertain, locate, fix, make and determine the route."

Anyone aggrieved by the vacation of an ordinance by a borough council has his remedy under the act of May 22, 1883, P. L. 40; Purd. Dig. 212, pl. 137.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1892:

When the early judges of Pennsylvania took the most brilliant and important step in the history of modern jurisprudence, and held, a century in advance of England and our sister states, not only that equity was part of the common law of Pennsylvania but also that it might be administered by the common law tribunals under common law forms, they might well have supposed that the conflict as old as the days of Coke and Ellesmere over the right of equity to control proceedings at law, would thenceforth disappear. But it would seem to be irrepressible. We have in this case a decree by which a judgment, entered upon a verdict after full trial, and affirmed in this court, is vacated and set aside without any allegation of fraud, accident or mistake, solely by virtue of an act of the defendant subsequent to the judgment.

In support of this result it is argued that a municipal corporation invested with the power of taking property by eminent

domain may abandon and discontinue the proceedings at any time before actual possession is taken, and so long as the amount of compensation remains undetermined. For this position Elliott on Streets and Roads, 209, 210, and Dillon on Municipal Corporations, § 608, are relied upon. I have examined both of these works, and the authorities cited in them, and find nothing to sustain the contention here made that the municipality may discontinue after judgment so as to affect the rights of the adverse party. All that Judge DILLON says is that municipal corporations "may at any time before taking possession under completed proceedings, or before the final confirmation, recede from or discontinue the proceedings they have instituted," and Elliott similarly says " the corporation may discontinue the proceedings before final confirmation." The strongest case cited as authority for this rule is State ex rel. McClellan v. Graves, 19 Md. 351. Under a statute, the commissioners to open a street, in advance of the opening or confirmation of the proceedings to condemn, sold the houses, materials, and parts of lots on the line of the proposed street, and the relator bought. The ordinance was then repealed and the relator applied for a mandamus to compel the commissioners to go on with the condemnation, so as to convey to him the property. The court held, however, that the relator had bought only an inchoate title with notice that the city might abandon. In the opinion it is said, " The dedication of private property to public use is not complete until the proprietor is paid or tendered the value of his property as ascertained by the inquest. No preliminary step prior to actual payment or tender, so fixes the corporation as to prevent an abandonment of the condemnation or of the enterprise." For this Graff v. Mayor of Baltimore, 10 Md. 544, was cited and relied on. The city of Baltimore under authority of an act of assembly commenced proceedings to condemn land · for water works. The statute provided that the value should be determined by a jury, subject to confirmation by the court and "such valuation when paid or tendered to the owner shall entitle the city to the estate, use and interest" etc. as if conveyed by the owner. Plaintiff's land was condemned, but before final confirmation the city repealed the ordinance adopting the plan by which the plaintiff's land was included. Plaintiff then filed a petition for mandamus for the payment of the valuation, but

the court held that as by the statute the city's title did not accrue until the valuation was paid or tendered, the principle of mutuality required that plaintiff's right to the money should not vest till the same time, and refused a mandamus, though conceding that the plaintiff might have a remedy by action for any loss or damage sustained. This case in turn was largely rested on Balt., etc. R. R. Co. v. Nesbit, 10 How. 395, where a statute almost identical in terms received the same construction.

These cases contain the strongest expression that I have seen of the municipality's right to discontinue. They are built up mainly on the language of the statutes, but even accepting the doctrine enunciated as general in its application, it falls far short of sustaining the contention in the present case. Certainly if a tender fixes the limit of the city's right to discontinue, the judgment of a court upon a verdict should do so. A judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised. It is not that the borough will owe the amount if, or when, it takes the property, but that it does owe now. All questions of opening, taking etc. are concluded by it, so far at least as the plaintiff is concerned. As regards other parties the way of retreat may still be open, but a plaintiff who has been diligent and pressed his claim to judgment should not be prejudiced by the laches of other property owners on the same street whose claims are still pending. It is doubtless very desirable that the borough should be able to know the full cost of a public improvement before being irrevocably committed to it. As the law was when the report of the viewers or the inquest, confirmed by the court, concluded the proceeding, this knowledge was always attainable in time, and it is to be observed that the text-books and the cases cited are based upon proceedings of that kind. But when the law gave appeals to the individual owners, in which the verdicts might be different from the awards of the viewers an uncertainty was introduced as to the entire expense. This result was probably unforeseen, but it was inevitable, and the only proper remedy was through legislation. To afford one by holding, as is contended for here, that the judgment was not final between the parties until all the appeals were disposed of, would not only be a violation of fundamental legal principles, but a hardship and injustice to

the vigilant owner, and would be giving the borough by the indefinite delay of some small claim, an almost unlimited power of practically quashing the proceedings—a power not supported by legal principles, nor founded on any statute. How dangerous such a power might be is well illustrated in the present case. The judgment that plaintiff obtained, and that was affirmed by this court in Weiss v. South Bethlehem, 136 Pa. 294, established his title to the land in question, as against the borough's claim of a previous dedication to public use. By the decree in the present case this solemn adjudication in his favor is swept away without any error in the trial, and without any new evidence on the subject, and plaintiff's title is again left open to attack at any time in the indefinite future. The inconveniences to the borough of having a public improvement cost more than was contemplated when it was undertaken, are not great enough to satisfy a result so inconsistent with the finality of judgments, and due regard to the rights of property owners. As already said the remedy must be legislative, and for future cases it has been supplied by the act of May 16, 1891, § 7, P. L. 78. The present case must be decided on the general principles of law. So far as the present plaintiff is concerned the repeal of the ordinance was of no avail. It did not in any way affect his judgment or his right to execution upon it.

In No. 277 the judgment is reversed, the demurrer to the answer to the rule to show cause why mandamus should not issue, is sustained, and the rule made absolute.

In No. 278, the decree is reversed and bill dismissed with costs.