## Orange Home v. Montgomery County, Appellant.

*Road law—Viewers—Trial—Presentation of whole case before viewers —Damages.*

In a proceeding to assess damages for opening a public road, the landowner, in the trial in court, is not confined to the elements of damage claimed before the jury of view.

Argued March 19, 1907. Appeal, No. 213, Jan. T., 1906, by defendant, from judgment of C. P. Montgomery Co., June Term, 1904, No. 47, on verdict for plaintiff in case of Orange Home v. Montgomery County. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Appeal from award of jury of view. Before WEAND, J.

At the trial the defendant presented the following points:

1. The court is requested to charge the jury that if at the time that the jury who were appointed by the court of quarter sessions to view and lay out a proposed road met for the purposes of their appointment, that the representatives of the plaintiff stated that a lake was proposed to be constructed at the Ritchie line and that when the road was eventually laid out was under consideration by the same jury, that no allegation was made of an intention to construct a lake where said proposed new road intersected with the Byberry road, that the jury cannot award any damages to the plaintiff by reason thereof the plaintiff being estopped from now claiming damages for an alleged injury then withheld from and not presented for the consideration of the jury of view.

2. The court is requested to charge the jury that if when

the jury appointed by the court of quarter sessions to lay out a proposed road were considering the propriety of laying out said road on the line of the private right of way, and representatives of the plaintiff then stated that it was their intention to construct a building on the line of said right of way and no statément was made of a purpose in contemplation of the construction of any building where the new road crosses the summit of the ridge, that the plaintiff is stopped from asking for damages by reason thereof, plaintiff being estopped from now asking for damages for injuries then not presented.

3. The court is requested to charge the jury that if the jury believe that the alleged purposes of the plaintiff in the development of their property were conceived subsequent to the laying out of the road by the jury of view that plaintiff is not entitled to recover damages for the items mainly relied upon, to wit: The taking of the building site where the new road crosses the summit of the ridge and the site of the proposed lake where the new road intersects with the Byberry road.

The court refused all three of the points. [1–3]

Verdict for plaintiff for $6,000.


On motion in arrest of the judgment WEAND, J., filed the following opinion:

Under regular proceeding in the court of quarter sessions a public road was laid out through the property of plaintiff who then appealed from the assessment of damages. The case tried in the common pleas was to ascertain the damages, if any, to which plaintiff was entitled, and the proceeding was de novo.

In the issue tried the question was, how has plaintiff's land been injured and what is the damage? The damage is the difference in the market value before and after the taking as affecting the market value; and "in estimating the market value of land everything which gives it intrinsic value is to be taken into consideration:" Shenango and Allegheny R. R. Co. v. Braham, 79 Pa. 447.

The contention of the defendant is, that on the trial in court the plaintiff is confined to the elements of damage claimed before the jury of view. The reasoning is fallacious. Defendant was not obliged to present his whole case to the viewers—he may not have then known how it would affect the land; and

it is not alone his estimate which controls, but also that of his witnesses.

The point to be elucidated by testimony is, "how has the market value been affected?" And for this purpose the law allows the testimony of persons acquainted with market values.

The owner may only consider or think of his personal disadvantages and yet the market value be affected in various ways. As it was impossible for the owner to tell which route was to be adopted he could not be prepared to meet every contingency at the view.

If the defendant's contention is correct then the same rule would apply to the county and compel the commissioners to present their whole case to the viewers.

The suggestion that if the viewers knew the extent of damage claimed they might refuse the road, has some weight, but cannot control, as they are not the final arbiters. They must be presumed to know that the claim, whether great or small, is the subject of review by another tribunal; and they ought not, except in an extreme case, undertake to be the final judges. Their duty is to lay out the road so as to do the least damage to the owner, and assess damages accordingly, and if they are wrong in their estimate, an appeal is the method of correcting their error. The county commissioners have not objected to the confirmation of the report so far as it lays out the road. If their present contention is correct, then every road case would result in a trial on the merits before the jury of view uncontrolled by any tribunal to control its regularity. We should avoid such a result.

And now, May 17, 1906, the motion in arrest of judgment and for a new trial is overruled and judgment will be entered on the verdict on payment of the verdict fee.

*Errors assigned* were (1–3) above instructions, quoting them.

*J. P. Hale Jenkins,* for appellant.

*G. R. Fox, M. M. Gibson* and *N. H. Larzelere,* for appellee, were not heard.

PER CURIAM, May 13, 1907:

The judgment is affirmed on the opinion of the court below.