Campbell, Appellant, *v.* City of Philadelphia.

Argued October 20, 1933.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

Michael F. Donnelly, and with him Bernard J. O'Connell and Harpur M. Tobin, for appellant.—The city could not escape the payment of the verdict by declining to proceed with the demolition of the property: Uhler v. Cowen, 199 Pa. 316; City v. Dyer, 41 Pa. 463; Dilts v. Railroad, 222 Pa. 516; Philadelphia v. Commonwealth, 284 Pa. 225.

Edwin S. Ward, Assistant City Solicitor, and with him David J. Smyth, City Solicitor, for appellee.

Opinion by James, J., February 1, 1934:

On July 10, 1925, the City of Philadelphia passed an ordinance authorizing an agreement with the Reading Company for the elimination of certain grade crossings in the City of Philadelphia, the cost of which was to be borne equally by the two parties. In accordance with said ordinance the Board of Surveyors adopted a plan, according to which the thirty-seven foot frontage of the plaintiff's property on Ridge Avenue, to a varying depth, beginning at nothing on the north line, to one foot ten and one-eighth inches at the south line, was condemned. The matter involved was about thirty square feet of land and the cost of

rebuilding the wall, which was part of a modern bakery building.

Pursuant thereto the city entered its bond on November 29, 1925 to cover the damages and on March 17, 1926 served three months' notice upon claimant of its intention to take a portion of his property, both steps being in accordance with Article 3 of the ordinance. On October 7, 1926, the city filed a petition for the appointment of a board of view, which duly filed its report on May 25, 1928, awarding damages to plaintiff in the sum of $5,311 and which report was duly confirmed on July 16, 1928. On June 18, 1928 the city filed an appeal. On January 5, 1931, a jury was sworn in the court of common pleas and a verdict for plaintiff was rendered in the sum of $200. On motion by plaintiff a new trial was granted. On February 24, 1933, the case was again tried before a common pleas jury and resulted in the present award of $2,500. The city, having presented a point for binding instructions, filed a motion for judgment non obstante veredicto, which motion was granted and judgment was entered in favor of the defendant, from which judgment this appeal was taken.

Between the date of the first trial in January, 1931, and the second trial in February, 1933, the councils of the City of Philadelphia passed an ordinance approved July 11, 1932, entitled "An ordinance to authorize the buildings on premises known as Nos. 5152-54-56 Ridge Avenue, in the Twenty-first Ward, to remain in their present position," which ordinance was in part as follows: "Section 1. The Council of the City of Philadelphia ordains, That the buildings on the premises aforesaid be allowed to remain in their present position undisturbed; and it is hereby directed that they shall so remain until such time as the wants of business and travel make it necessary to move back the building fronts to the new line of the street; suitable action to be taken to meet the new conditions and require-

ments when they arise and when the need for setting back said building fronts has been duly certified to Council by the Director of Public Works.'' The justification of the city council for the passage of this ordinance is found in the ordinance itself, wherein it states, ''And Whereas, The wants of business and travel on said Ridge Avenue do not at the present time require the removal of the said projections and the setting back of the buildings to the new line; And Whereas, the Act of the General Assembly of the Commonwealth of Pennsylvania, of December 27, 1871, P. L. 1390 (1872) authorizes such buildings to be left until the wants of business and travel require their removal.''

The Act of December 27, 1871, supra, (53 PS 7107) is a supplement to the Act of May 6, 1870, and provides in section 2, ''When a jury for opening or widening a street, or for assessing damages on the same find a building or buildings extending out upon the sidewalk, a distance not exceeding two-thirds of the width, such buildings may be left until the wants of business and travel may require their removal; and no damages shall be allowed the owner therefor until a future jury shall determine the necessity of their removal, and the amount of damages then to be paid.'' There is no question that the land of the appellant condemned by the city brings it within the language of this section in that the building or buildings extending out upon the sidewalk do not exceed a distance of two-thirds of the width. The court below interpreted this section ''as decreeing that in all cases of encroachment not exceeding two-thirds of the width of a sidewalk there should be no damages allowed unless and until the municipal authorities have declared in an appropriate manner that the wants of business and travel require the removal of the buildings and have ordered the recession.'' With this we can not agree, as by the adoption of the ordinance in question the municipal authorities declared their intention to appropriate the

land in question regardless of its location with reference to the sidewalk and the advisability of determining whether such buildings are not to be considered in assessing damages is to be determined entirely by the jury of view appointed for assessing damages on the opening or widening of a street. It is not a question for municipal determination; it is solely a question for determination by the jury and it is entirely discretionary with them whether in assessing damages they shall exclude from their consideration such buildings as extend a distance not exceeding two-thirds of the width of the sidewalk until such time as the wants of business and travel may require their removal. Under this section it is not mandatory or obligatory upon the jury but they may have excluded the land in question for the reasons set forth in the Act, but their failure to exclude from the findings the buildings that may not extend two-thirds of the width of the sidewalk clearly indicates that the jury of view did not exercise their power of exclusion.

If the report of the jury of view did not affirmatively disclose that it had excluded from its report damages for a building or buildings extending out upon the sidewalk a distance not exceeding two-thirds of the width, we must conclude that they had considered the damages to the building or buildings within the lines of the original condemnation. Their duty as a jury of view was to assess damages for land and buildings within the lines and grades of Ridge Avenue as made by the board of surveyors although under said jury of view they may have excluded from their consideration of damages such portions of the land and buildings as came within the classifications of section 2. Their failure to state in their report that they had exercised the alternative allowed by the section can lead to but one conclusion, and that is that they had taken into consideration in the assessment of damages the land and buildings which did not exceed two-

thirds of the sidewalk distance. The award by the jury of view of damages in the sum of $5,311 shows clearly that they did, not exclude the land in question, because if they did exclude, no damages whatever would have been sustained. All considerations of fact and policy were to be passed upon by the jury of view and when the appeal was taken to the common pleas the jury in that court was confined to but one question and that alone of assessing the damages for the taking.

In an appeal from an award of the jury of view to common pleas, the proceeding is de novo only on the subject of the amount of damages: Orange Home v. Montgomery Co., 218 Pa. 204, 67 A. 209.

The second question involved relates to the passage of the ordinance of July 11, 1932 and its effect upon the appellant's right for damages. An examination of this ordinance clearly shows that it was not a repeal of the original ordinance of July 10, 1925 but merely suspended any action on the part of the city until such time as the wants of business and travel would make it necessary to move back the building fronts to the new line of the street. This clearly can not be regarded as a repeal ordinance of the original condemnation of the property of the appellant within the lines of the proposed street. Upon that proposition alone we feel that the judgment of the lower court should be reversed. But, granting that it was a repeal ordinance, we do not feel that the repeal ordinance was adopted within the time required by the Act of May 16, 1891, Sec. 7, P. L. 75 (53 PS 403) which provides: "In case any such municipal corporation shall repeal any ordinance passed, or discontinue any proceedings taken, providing for any of the improvements mentioned in the preceding sections prior to the entry upon, taking, appropriation or injury to, any property or materials, *and within thirty days after the filing of the report of viewers assessing damages and benefits,* the said municipality shall not thereafter be liable

to pay any damages which have been, or might have been, assessed, but all costs upon any proceeding had thereon shall be paid by said municipal corporation, together with any actual damage, loss or injury sustained by reason of such proceeding." (Italics ours.) This section applies as there was no entry upon, taking, appropriation or injury to any property but under the terms of this act the repeal must be passed within thirty days after the filing of the report of viewers assessing damages and benefits. In the instant case the appeal was filed from the report of viewers assessing damages on June 18, 1928, a trial before a jury in common pleas was had in 1931, and no repeal ordinance was passed until July 11, 1932. Clearly, the action of the city council in passing a repeal ordinance in 1932, after a jury of view and a trial in common pleas, is not within such time as required by the Act of 1891, supra.

Prior to the passage of the Act of 1891 the rule as found in Moravian Seminary v. Bethlehem Boro., 153 Pa. 583, 588, 26 A. 237, was in effect: "As conditions precedent to discontinuance, the defendant should be required to repeal the ordinance under which it undertook to appropriate plaintiff's property for street purposes, or so much thereof as relates to said property, and pay all the costs to which plaintiff has been subjected by reason of said condemnation proceedings." Prior to the Act of 1891 the courts recognized the right of the plaintiff to damages on equitable principles and the Act of 1891 was evidently passed to clarify the situation and particularly specified the terms upon which municipalities might rescind an ordinance of condemnation, and the requirement that the repeal ordinance should be passed within thirty days of the filing of the report of the board of viewers was a specific direction and limitation within which repeal ordinances might be adopted affecting the rights of

landowners within the scope of the condemnation proceedings.

We have given very earnest and serious consideration to the cases cited by appellee and particularly the cases upon which the court below relied in its opinion in sustaining the motion for judgment non obstante veredicto and shall attempt to differentiate them from the case at bar.

In Myers et al. v. South Bethlehem, 149 Pa. 85, 24 A. 280, it was held that a final judgment for damages for the opening of a street is conclusive, although appeals of other property owners are undisposed of and, subsequent to the judgment, the ordinances for opening of the street is repealed by the borough councils; and although there is no actual taking or occupation of the land.

In Moravian Seminary v. Bethlehem, supra, it was held that the Act of May 16, 1891, Sec. 7, P. L. 78, did not apply to a case where the viewer's report was filed in the quarter sessions on April 13, 1891, and an appeal to the common pleas was filed on April 26, 1891, and was pending when the act was passed.

In Franklin Street, 14 Pa. Superior Ct. 403, an ordinance was passed on December 20, 1892, authorizing the revision of the lines and grades of plan, No. 185, in the Twenty-second Ward. No actual physical work had been done by the City of Philadelphia along the line of the proposed improvement and the repeal ordinance was passed before the jury had heard all the testimony or reached any conclusion and, pending the proceedings and after the ordinance of November 12, 1897 had been passed, the city filed a petition for leave to discontinue. By subsequent proceedings a report was filed awarding to John Meighan the sum of $1,239.70 to cover loss of rent on the properties, expert witness fees, counsel fee and costs. Exceptions to the report were dismissed and John Meighan appealed. Upon an examination of the decision of Rice,

P. J., we find no expression of opinion as to whether the Act of 1891 applied. The action of the court below was sustained on the broad ground that the appellant was not entitled to full compensation because there had not been such a completed "taking" as debarred the city from discontinuing the proceeding upon the payment of all damages sustained and all expenses he had been put to.

In Sensenig v. Lancaster Co., 30 Pa. Superior Ct. 224, the appeal was filed in the court of common pleas prior to the approval of the Act of May 16, 1891.

In Pittsburgh's Petition, 243 Pa. 392, 90 A. 329, "The proceeding had been so far conducted that a report of viewers assessing the benefits and damages arising from the opening and extension of the avenue had been filed. After the filing of the report, the city by ordinance repealed the extending and opening ordinance, under the authority of the Act of Assembly of May 16, 1891, P. L. 75, thereby abandoning the proposed improvement and terminating the proceeding." The date of the ordinance does not appear specifically but from all the circumstances we must assume that the repeal ordinance, having been enacted under authority of the Act of 1891, was enacted within the period of thirty days after the filing of the report of the viewers.

Summarizing our findings, we conclude, (1) that the filing of the award of damages by the original jury of view did not exclude the land in question; (2) that the ordinance of July 11, 1932 is not a repeal ordinance; and (3) assuming that the ordinance of July 11, 1932 was a repeal ordinance, it was not enacted within thirty days after the filing of the award of the jury of view as required by the Act of May 12, 1891.

The judgment of the court below is reversed and judgment is herewith entered for the plaintiff on the verdict on payment of the jury fee.