Lance *v.* Mann, Appellant.

Argued May 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Henry Thomas Dolan,* for appellee.

*Hamilton C. Connor, Jr.,* with him *Frederic L. Ballard, Jr.,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellant.

OPINION BY MR. JUSTICE LINN, July 6, 1948:

This case is here on a petition filed in this Court January 2, 1948, by defendant for the reduction of the amount for which we directed judgment to be entered for want of a sufficient affidavit of defense in *Lance v. Mann,* 353 Pa. 382, 45 A. 2d 64. The opinion of the Court, filed on January 7, 1946, was written by Mr. Justice HORACE STERN and states the facts. The effect of our order was to merge plaintiff's cause of action into the judgment which, the record shows, was paid and marked satisfied.

The suit was for money due on sale of a partner's interest. Part of the consideration was defendant's agreement to pay "all Federal income taxes on the partnership earnings of the said retiring partner [the plaintiff, Lance] from January 1st, A. D. 1942, to June 12th, A. D. 1942, as if those earnings were the total earnings" of Lance "from all sources for the year 1942." The ascertainment of Lance's income tax for 1942 became subject to the Current Tax Payment Act of June 9, 1943. In arriving at the amount for which we directed judgment, it appeared that Lance had reported an income tax for 1943 amounting to $16,904.16,[1] which was an element in our calculation: see page 386. In September, 1946, after the judgment was paid, the Bureau of Internal Revenue audited Lance's tax return and determined that his 1943 income should have been returned as $27,551.80. Defendant's petition now alleges that if the amount of this assessment of $27,551.80, so determined by the government's audit, had been available to this Court instead of the amount of $16,904.16, reported by plaintiff, defendant's liability to plaintiff would have been $29,344.74 instead of $37,330.47, and that defendant petitioner is entitled to restitution in the sum of $7,985.73.

Plaintiff filed a responsive answer to the petition. He avers that the judgment was duly entered and paid; that the contingency furnishing the basis of the present petition, that is, the possibility that the income tax which he reported for 1943 might be increased by the government, was, or should have been, contemplated when defendant filed his affidavit of defense; that the judgment by this Court directed to be entered, settled everything involved in the right to recover, not only matters raised, but those that might have been raised. In the 9th paragraph of plaintiff's answer he avers: "Upon the rendition by this court of its judgment of

---

[1] This figure appeared in Lance's income tax report for the year 1943 attached to the statement of claim as Exhibit C.

January 7, 1946, adopting, with modifications, the measure of appellant's liability to appellee urged by appellant as set forth in paragraph 8 above, appellant did not petition this court for re-argument of his appeal, and did not, by that or any other means before the remanding of the record to the court below point out the defense, then available to him, that appellee's tax liability as declared by said return on his income earned in 1943 remained, under the laws of the United States, subject to examination, review, and possible assertion and assessment of a deficiency therein by the Collector of Internal Revenue."

It is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised: *Myers v. Bethlehem*, 149 Pa. 85, 24 A. 280; *Sinking Fund Commissioners v. Philadelphia*, 324 Pa. 129, 132, 188 A. 314; compare *Strauss v. Strauss & Co.*, 328 Pa. 72, 77, 194 A. 905. The cause of action is merged in the judgment which then evidences a new obligation. That obligation, in this case, has been satisfied. In *Federal Insurance Company v. Robinson*, 82 Pa. 357, Justice SHARSWOOD, in holding that usurious interest collected upon process of execution could not be recovered back, said: "Money collected or paid upon lawful process of execution cannot be recovered back, though not justly or lawfully due by the defendant in the execution to the plaintiff. . . . The reason is a very obvious one. An execution is the end of the law. To permit money so collected or paid to be reclaimed in a new suit, would lead to indefinite and endless litigation. If such suit could be maintained, then another might be brought to recover the money paid on the judgment and execution in it, and so on ad infinitum. . . ."

A judgment may be subject to proceedings on equitable principles so long as it remains a judgment and a petition to modify may be regarded as an equitable application for relief from the effect of the judgment

(compare *Sinking Fund Commissioners v. Philadelphia*, 324 Pa. 129, 132, 188 A. 314) but petitioner's difficulty now is that there is no judgment to be modified; the obligation represented by the judgment was discharged and satisfied of record two years before this petition was filed. We must therefore dismiss it. The policy of the law requires that there be an end to litigation; examples are common; claims, barred by the statute of limitations, may not be recovered; the statute of frauds frequently renders promises unenforceable; appeals taken too late are quashed.

Petition dismissed without prejudice to the proceeding between the same parties now pending in the court of common pleas. Costs to be paid by the petitioner.