## Sanctis v. Checco

Before McBride, Beck and Smith, JJ.

*J. Lee Miller* and *Miller & Miller*, for plaintiff.

*Milton I. Watzman* and *Watzman & Groudine,* for defendant.

BECK, J., December 29, 1960.—In this proceeding, defendant has petitioned the court to strike off, or, in the alternative, to open a judgment and to be let into a defense on the ground that at the time of service of the complaint in assumpsit by the sheriff upon defendant's wife she was in poor health and failed to inform defendant of plaintiff's cause of action. A rule to show cause was granted upon plaintiff. The undenied allegations in the pleadings established the following facts:

Edward J. Sanctis, plaintiff, is an excavating contractor. John Checco, defendant, is a general contractor and maintains his business office at his place of residence in the City of Pittsburgh. Defendant was the general contractor for the construction of Scott Township Junior High School on a bid of $412,000. Plaintiff alleged that defendant entered into a written contract with plaintiff whereby defendant agreed to

pay to plaintiff the amount of $8,970 for all excavation work required to be performed in the construction of the school. The agreement was signed by plaintiff as subcontractor and, as alleged by plaintiff, the agreement was signed on behalf of defendant as general contractor by defendant's engineer and agent, E. S. R. Cicchetti. Defendant thereafter called a meeting of subcontractors in preparation for commencing work on the school; plaintiff was the only excavating contractor present. Defendant did not use plaintiff but engaged another excavating contractor to do the work.

On June 1, 1960, plaintiff's attorney, by registered mail addressed to defendant's office and residence, demanded that plaintiff be allowed to perform the excavation work as provided by the agreement and gave notice of plaintiff's intention to file suit in the event of a breach of contract. A similar letter was sent to defendant's engineer, E. S. R. Cicchetti. There was no reply to either letter.

On September 19, 1960, plaintiff filed a complaint in assumpsit alleging breach of contract and damages in the amount of $1,495, representing plaintiff's loss of profits.

On September 30, 1960, the Sheriff of Allegheny County served the complaint at defendant's business office and residence on defendant's wife, Mafalda, as an adult member of the family with whom defendant resides.

On October 31, 1960, plaintiff proceeded to the entry of judgment in the amount of $1,495 in default of an answer.

On November 23, 1960, plaintiff attached funds of defendant in Mellon National Bank and Trust Company sufficient to pay the judgment and costs. Mellon Bank immediately notified defendant of the attachment and forwarded to him a copy of the writ. Defendant made no reply to Mellon Bank, and the bank

thereupon answered the usual interrogatories. Approximately three weeks later, not having heard from defendant, the bank paid the judgment and costs and the record was marked satisfied. Plaintiff's attorney thereafter transmitted the funds to plaintiff less his attorney's fees and costs.

On December 12, 1960, defendant presented his petition and obtained the present rule to show cause.

It is, of course, always more desirable and in the interest of substantial justice that a case be tried on its merits. However, it must be noted that defendant is a substantial businessman engaged in executing large construction contracts. Others having business transactions with him have a right to rely upon notice and service of legal process at defendant's business office even though it also happens to be his place of residence. Substantial justice to the business community requires that defendant be held to standards of reliability generally required of others and not be permitted to take advantage of his personal problems to nullify the effect of notice and service of legal process.

However, the basic difficulty with defendant's position is that there no longer exists a judgment to be stricken off or opened. The judgment has been satisfied, and the funds attached have been paid and distributed. It is the settled policy of the law that there be an end to litigation. In Lance v. Mann, 360 Pa. 26, the court said:

"It is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised: Myers v. Bethlehem, 149 Pa. 85, 24 A. 280; Sinking Fund Commissioners v. Philadelphia, 324 Pa. 129, 132, 188 A. 314; compare Strauss v. Strauss & Co., 328 Pa. 72, 77, 194 A. 905. The cause of action is merged in the judgment which then evidences a new obligation. That obligation, in this case, has been satis-

fied. In Federal Insurance Company v. Robinson, 82 Pa. 357, Justice Sharswood, in holding that usurious interest collected upon process of execution could not be recovered back, said: 'Money collected or paid upon lawful process of execution cannot be recovered back, though not justly or lawfully due by the defendant in the execution to the plaintiff. . . . The reason is a very obvious one. An execution is the end of the law. To permit money so collected or paid to be reclaimed in a new suit, would lead to indefinite and endless litigation. If such suit could be maintained, then another might be brought to recover the money paid on the judgment and execution in it, and so on ad infinitum. . . .' "

It was for the foregoing reasons that the rule to show cause was discharged.