450 A.2d 1025

**Anna KALMAN, Appellant,**

v.

**Julius MUZIKAR and First Valley Bank.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1982.

Filed Sept. 24, 1982.

William E. Doyle, Allentown, for appellant.

Dennis J. Monaghan, Bethlehem, for Muzikar, appellee.

Alan M. Black, Allentown, for First Valley, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

This is an appeal from an order opening a satisfied judgment against appellee as garnishee and ordering appellant to refund to appellee the amount of that judgment. We reverse.

In June 1977 appellant, Anna Kalman, obtained an arbitration award against Julius Muzikar. A final judgment was entered, and on October 21, 1977, a writ of attachment execution issued. In response to appellant's first set of interrogatories, appellee, First Valley Bank, denied that Muzikar had an account with it. However, on January 5, 1978, in response to a second interrogatory, appellee said that "Defendant had checking account No. 17–406–91–4 with a balance of $9.34 and a savings account No. 004–07875–3 with a balance of $6,126.61." R. 28a. On January 12, 1978, appellant entered judgment against appellee as garnishee for the amount of her judgment against Muzikar, $5,912.53. On January 18, 1978, appellee paid the judgment, and on January 30, 1978, satisfaction of the judgment was acknowledged on the docket by appellant's counsel, R. 2a, with the statement that "the within action is settled, discontinued and all costs paid," *id.*

Four months later, in May 1978, appellee discovered that it had made a mistake in answering appellant's second interrogatory. The savings account that it had said belonged to defendant, Julius Muzikar, in fact belonged to defendant's son, Julius S. Muzikar, and the son's wife. Upon discovering its mistake, appellee asked appellant to refund the money it had paid her, but she refused. R. 28a. In October 1978 appellee filed an action in assumpsit to recover the money it had paid appellant. This action, the lower court informs us, was continued when it came to trial in January 1980 so that appellee could file a motion to strike or open the judgment of January 12, 1978. Slip op. at 19.

On February 14, 1980, appellee filed a motion to strike or open the judgment. On February 19, 1981, the lower court entered an order in several parts. The court denied appellee's motion to strike the judgment. Appellee having filed

no cross-appeal, this part of the lower court's order is not before us. The court also granted appellee's motion to open the judgment, ordered appellee to pay appellant the costs of entering the judgment, and ordered appellant to refund to appellee the amount of that judgment. On her appeal, appellant challenges these parts of the lower court's order.

█ The satisfaction of a judgment "forever discharge[s] the judgment." 42 Pa.C.S. § 8104(a). Thus, a judgment that has been satisfied no longer exists and cannot be attacked either by a motion to strike or by a motion to open. *Lance v. Mann,* 360 Pa. 26, 29, 60 A.2d 35 (1948). *See also Tice v. Nationwide Life Insurance Co.,* 284 Pa.Superior Ct. 220, 236–37, 425 A.2d 782, 791 (1981) (SPAETH, J. concurring); *Sanctis v. Checco,* 195 Pa.Superior Ct. 193, 171 A.2d 542 (1961) *affirming* 24 Pa. D & C 2d 121 (1960). Since the judgment entered against appellee on January 12, 1978, was discharged by its satisfaction, it was error for the lower court to grant appellee's motion to open it; there was no longer a judgment to be opened. *See Lance v. Mann, supra,* 360 Pa. at 29, 60 A.2d at 36.

The order of the lower court opening the judgment of January 12, 1978, directing appellee to pay appellant the costs of entering the judgment, and directing appellant to refund to appellee the amount of the judgment is reversed.