619 A.2d 336

**EQUIBANK,**

v.

**George A. MILLER and James E. Depasquale, individually and T/A Miller and Depasquale, Appellants.**

Superior Court of Pennsylvania.

Submitted Dec. 11, 1992.

Filed Jan. 14, 1993.

John Elash, Pittsburgh, for appellants.

William D. Clifford, Pittsburgh, for appellee.

Before TAMILIA, HUDOCK and MONTGOMERY, JJ.

TAMILIA, Judge:

George A. Miller and James E. Depasquale appeal the Order entered April 27, 1992 dismissing their petition to open/strike the judgment confessed against them as well as discharging the rule addressed to plaintiff/appellee.

On October 26, 1984, appellants and John Elash individually and as a partnership executed a demand note (Note 1) in favor of appellee in the amount of $20,000. On June 10, 1985, Note 1 from appellee to appellants and Elash was paid in full, and the note cancelled. On the same date, appellants individually and as partners in Miller & DePasquale, executed another demand note (Note 2) in favor of appellee in the amount of $30,000. From June 10, 1985 to July 20, 1988, appellants made regular payments on the principal and interest of Note 2; as of July 20, 1988, they owed $24,121.50 in principal and $141.62 in accrued interest. When appellants' law firm dissolved, however, they stopped making payments.

On August 25, 1988, appellee filed a complaint in confession of judgment against appellants and Elash at GD88–14677, and mistakenly incorporated Note 1 as an exhibit instead of Note 2. In the body of this complaint, appellee specifically refer-

enced the applicable debt as being derived from Note 1. The amount sought, however, was the amount owed on Note 2. On October 3, 1988, appellee again filed a complaint in confession of judgment against appellants and Elash at GD88–17266 and again made the mistakes noted above with regard to incorporating and referencing Note 1 instead of Note 2. When appellee recognized its mistakes, and further realized that any judgments based on Note 1 would not be enforceable, it praeciped to settle and discontinue the action at GD88–17266 and praeciped to satisfy the judgment at GD88–14677.

Shortly thereafter, on July 18, 1989, appellee filed the confession of judgment now at issue against appellants and attached Note 2 as an exhibit. This time, appellee properly referenced Note 2 and requested judgment in the sum of $31,136.19 (principal of $24,121.50 and interest of $2,953.45), plus counsel fees and costs of $4,061.24. In response, appellants filed a petition and an amended petition to strike off and open the judgment based on *res judicata* principles and also demanded attorney's fees. On January 22, 1991, the trial court entered an Order opening judgment. Thereafter, the matter proceeded to a nonjury trial, and on April 27, 1991, the trial court entered the Order from which this appeal is taken.[1]

The trial court based its decision in large part upon the fact appellants admitted to owing the money as claimed under Note 2. In explaining why the *res judicata* defense did not apply, the court stated "it is clear that the required *identities* are not present: (1) different Notes, (2) different causes of action and (3) different parties." (Slip Op., Doyle, J., 4/27/92, p. 7.) We agree with the trial court appellants' defenses are inapplicable and appellants have neither a legal nor moral excuse for failing to satisfy the obligation admittedly owing under Note 2.

Appellants argue the moment the judgment at GD88–14677 was marked satisfied, by applying the principles

---

1. The trial court did not award counsel fees requested by appellee. The court also noted appellee could not recover any interest from appellants for the period from July 18, 1989 to the present since delays in the case were attributable to appellee.

of *res judicata* and collateral estoppel, appellee no longer had the right to act as to the debt contained in Note 2, as it merged into the satisfied judgment and was extinguished. This argument lacks merit.

Our supreme court has recently set forth tests to apply for [*res judicata* and collateral estoppel]. Application of the doctrine of *res judicata* requires the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made.

. . . . .

Collateral estoppel . . . applies if (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Melat v. Melat,* 411 Pa.Super. 647, 653–654, 602 A.2d 380, 383–384 (1992), citing *City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989). The *res judicata* defense clearly fails since in the prior actions, appellee sued for the debt owed under Note 1 and in this action, it sued for the obligation owed under Note 2. Collateral estoppel also does not apply since the issue surrounding the satisfied judgment centered on Note 1 and the main issue here involves Note 2.

Appellants argue that since the amount of the claim set forth in the first two actions is the same amount actually corresponding to Note 2, the prior actions should be construed as being based upon Note 2, thereby enabling the court to construe the things sued for and the issues as being identical.

■ "Whenever there is an inconsistency between the allegations of the complaint and a written instrument, to-wit, the

documents in this case, the latter will prevail." *Eberhart v. Nationwide Mutual Insurance Co.,* 238 Pa.Super. 558, 565 n. 6, 362 A.2d 1094, 1097 n. 6 (1976). *See Schuylkill Products v. H. Rupert & Sons, Inc.,* 305 Pa.Super. 36, 39 n. 2, 451 A.2d 229, 231 n. 2 (1982). Since Note 1 was attached to the complaint for confession of judgment which was eventually satisfied, we construe that action as being based upon Note 1, even though the numbers contained in the complaint corresponded to Note 2.

Because of the unique set of circumstances surrounding this case, our research has located no precedent on point. Nonetheless, appellant contends this case is similar to *Kalman v. Muzikar and First Valley Bank,* 304 Pa.Super. 503, 450 A.2d 1025 (1982), where the court held "a judgment that has been satisfied no longer exists and cannot be attacked either by a motion to strike or to open." *Id.* at 505, 450 A.2d at 1026. Although the satisfaction of judgment in this case forever discharged appellants' obligations on Note 1, they admit to still owing a debt on Note 2, which, obviously, was not satisfied. We will not allow appellants to slide out of a legitimate obligation because of appellees mistakes which ultimately did not harm appellants.

Finally, appellants argue they are entitled to recover attorney's fees for the allegedly arbitrary and vexatious conduct of appellee in repeatedly making mistakes in filing complaints in confession of judgment on the wrong note. Though noting appellee retarded the disposition of this matter, the trial court stated: "Plaintiff's activities are not sufficiently sinister to support Defendants' request for an award of attorney fees." (Slip Op. at 8.) The relevant general rule with regard to counsel fees is that the parties to litigation are responsible for their own fees unless otherwise provided by statutory authority, agreement of the parties or some other recognized exception. *Mantell v. Mantell,* 384 Pa.Super. 475, 559 A.2d 535 (1989), citing *Chatham Communications, Inc. v. General Press Corp.,* 463 Pa. 292, 344 A.2d 837 (1975). The Judicial Code sets forth the relevant standard upon which the

trial court must rely in determining whether to award counsel fees.

§ 2503   **Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . . .

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503(9).   Although appellee twice failed to realize it attached and referred to the wrong note in its complaints, we do not find the behavior was arbitrary, vexatious or in bad faith, and thus affirm the denial of counsel fees.

Order affirmed.