J-S03017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| A. AGENCY MANAGEMENT, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLEY DEVELOPMENT CORPORATION | |
| Appellant | No. 1417 EDA 2014 |

Appeal from the Order Entered April 3, 2014
In the Court of Common Pleas of Northampton County
Civil Division at No(s): C48CV20088174

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J.[*], and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED JULY 29, 2015**

Ashley Development Corporation (Ashley) appeals from the order entered April 3, 2014, in the Court of Common Pleas of Northampton County, enforcing a settlement agreement between Ashley and A. Agency Management, Inc. (Agency).  The order required Ashley to pay Agency $32,500.00, plus $250.00 for reasonable attorneys' fees, within ten days of the date of the order, in full settlement of the action filed at C-48-CV-2008-8147.  Ashley claims Agency's proper remedy is execution of the judgment Agency entered against it on November 19, 2013.  After a thorough review

---

[*] Judge Panella did not participate in the consideration or decision of this case.

of the submissions by the parties, relevant law, and the certified record, we

agree with Ashley, reverse the order, and remand for further proceedings.[1]

This timely appeal presents a novel procedural question regarding how

to enforce the payment of an agreed upon $32,500.00 debt. Agency and

Ashley entered into a contractual agreement regarding the marketing of

certain retirement condominiums, known colloquially as the Creekside

Condominiums. Agency claimed Ashley breached the contract and sought

payment of $64,510.00, plus interest and costs. **See** Complaint, *ad*

*damnum* clause, 8/14/2008. The matter was scheduled for trial on July 16,

2013. However, prior to the commencement of trial, the parties agreed to

settle the matter for $32,500.00, to be paid within 120 days. The trial court

noted the agreement, and stated:

> THE COURT: Very well. I'll adopt it as an order of the Court, we'll mark the case settled and discontinued, is that correct? Is there anything else I need to do?
>
> [PLAINTIFF'S COUNSEL]: Not today, Your Honor.

---

[1] Our standard of review of a trial court's grant or denial of a motion to enforce a settlement agreement is plenary, as the challenge is to the trial court's conclusion of law. We are free to draw our own inferences and reach our own conclusions from the facts as found by the trial court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence.

*Casey v. GAF Corp.*, 828 A.2d 362, 367 (Pa. Super. 2003) (citation omitted).

N.T., 7/16/2013, at 2.

Payment was not forthcoming. On October 11, 2013, the trial court entered a copy of the transcript of July 16, 2013, as an order of the Court.[2] On November 19, 2013, Agency filed a praecipe to enter judgment in the amount of $32,500.00 against Ashley. The praecipe contains no language indicating upon what authority the judgment was to be entered. Nonetheless, the judgment was entered. Ashley has specifically acknowledged and accepted the validity of the judgment in its Appellant's brief.[3]

On March 28, 2014, Agency filed a motion to enforce the settlement agreement. In that motion, Agency stated it had entered judgment against Ashley in the amount of $32,500.00 pursuant to the trial court order memorializing the settlement agreement. Ashley opposed the motion on the grounds that by entering judgment against it, Agency had effectively terminated the settlement contract, and had opted to enforce the debt by means of executing on the judgment. The trial court disagreed, claiming the

---

[2] It appears this order was entered *sua sponte*.

[3] "Here, [Agency] filed a praecipe for default against [Ashley] and [Ashley] effectively consented to the entry of judgment by forgoing the opportunity to file a Motion to Open/Strike Judgment and by forgoing the opportunity to appeal the judgment." Appellant's Brief at 9. We reiterate that the *praecipe* did not indicate a default judgment, having cited no specific authority for the entry of the judgment. Nonetheless, we agree that Ashley has consented to an enforceable judgment and cannot claim it does not owe Agency the $32,500.00.

judgment merely created a lien against Ashley and the settlement agreement was still enforceable.

Initially, we note that we have never been presented with this particular fact pattern. Indeed, neither the trial court nor either of the parties has cited any case law or rule of procedure that addresses this situation. Therefore, we are left with examining general principles of law.

First, pursuant to Pa.R.C.P. 229, the only method of voluntarily terminating an action, in whole or in part, prior to the start of trial is *via* discontinuance. Although Agency has asserted the case settled after trial had begun, see Agency's Brief, at 2, the certified record discloses no indication trial had convened. The docket does not reflect trial had started and the notes of testimony from July 16, 2013 only make reference to the settlement of the dispute. Accordingly, pursuant to the certified record, the matter was settled by agreement prior to trial. Therefore, the only method of termination of the matter was *via* a praecipe to settle, discontinue and end. The trial court made mention that the case would be marked as settled and discontinued, but that never appears on the docket. This is important because when an action is discontinued, it is no longer pending before the trial court and, therefore, the trial court has no jurisdiction over the matter. ***See Motley Crew, LLC. V. Bonner Chevrolet Co., Inc.***, 93 A.3d 474, 476 (Pa. Super. 2014).

Settling the matter and filing the discontinuance essentially creates an enforceable contract between the relevant parties for the payment of

- 4 -

money. This agreement is in lieu of a judgment for damages. If the terms of the settlement are not fulfilled, the aggrieved party typically seeks redress through a motion to enforce settlement. *See* Pa.R.C.P. 229.1. The Rule contains a variety of options, including invalidating the agreement and proceeding with the lawsuit, or seeking sanctions which include the award of attorneys' fees and/or interest.[4]

This straightforward procedure, used to great effect throughout the Commonwealth on a daily basis, was not employed. Because no discontinuance had been filed, the matter remained open, even though an enforceable contract to terminate the matter existed.

Rather than discontinue the matter, the trial court entered the notes of testimony from July 16, 2013, as an order. As reported above, the language of the settlement was not wholly phrased in the manner of a typical court order, but the clear gist of the transcript was the requirement that Ashley pay Agency $32,500.00 within 120 days of July 16, 2013. The funds were therefore due by November 16, 2013. Because the case had not been discontinued, as would normally occur, this order created a second method

---

[4] Although not specifically mentioned in Rule 229.1, if a party still refuses to pay the agreed to settlement amount including any sanctions that have accrued, the court might resort to contempt or, pursuant to Pa.R.C.P. 3101, enforcing the order as a judgment.

by which Agency could collect the payment owed it. Agency could seek enforcement of the order.

Although the terms of both the order and the settlement were identical, the methods of enforcement are not. As noted above, a settlement is enforced as a contract with specific remedies available to the plaintiff, including, but not mandating, attorney's fees and interest. On the other hand, enforcement of money judgments is subject to the requirements found at Pa.R.C.P. 3101, *et seq*. Methods of collection from recalcitrant debtors include garnishment, execution against property, sheriff's sales, and liens. Also notable is the fact that a judgment is entitled to the addition of interest from the date of judgment, at the lawful rate, as a matter of law. ***See*** 42 Pa.C.S. § 8101. The lawful rate of interest, as defined by statute, is 6% per annum. ***See*** 41 P.S. § 202.[5]

Because the methods of enforcement and remedies are different, it matters which method is employed. As noted, once the trial court entered an order directing Ashley to pay the sum certain by a specific date, Agency had two methods to proceed. Agency tried to use both methods, by entering a judgment based upon the trial court's order and then by seeking to enforce the contractual settlement agreement. Ashley has argued Agency

---

[5] The optional interest awarded pursuant to Pa.R.C.P. 229.1 is the prime rate as published in the first edition of *The Wall Street Journal* for each calendar year plus one percent. For 2014 and 2015, the WSJ rate is 3.25% (4.25% total). ***See*** 45 Pa.B. 291, 1/17/2015.

is required to pick one and proceed. Specifically, Ashley argues that by entering judgment upon the order, Agency opted to enforce the judgment. We believe Ashley's approach is sound.

Here, the judgment was entered upon the order that memorialized the settlement, not upon any judicial finding of liability and damages. "It is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised." ***EMC Mortgage, LLC v. Biddle***, ___ A.3d ___, 2015 PA Super 79, at 7 (quoting ***Lance v. Mann***, 60 A.2d 35 (Pa. 1948)).[6] Having entered judgment upon the settlement agreement, Agency did not diminish its ability to collect the sum owed. Rather Agency affirmatively chose the method by which it was able to collect the debt. Because a judgment subsumes everything involved in the right to recover, essentially, by taking the judgment on the settlement order, Agency terminated its right to contractual enforcement pursuant to a motion to enforce settlement, Pa.R.C.P. 229.1, in favor of following the procedures outlined under Pa.R.C.P. 3101, *et seq*. regarding enforcement of money judgments.

Order reversed. Matter remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

---

[6] Agency argues this does not apply because ***Lance v. Mann*** did not address a settlement. We do not believe that the method by which the matter terminated is dispositive to the issue.

- 8 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/29/2015</u>