## State Farm Life Insurance Company v. Lycoming Associates

*John P. Campana,* for plaintiff.
*William L. Knecht,* for defendant.

RAUP, *J.,* April 27, 1978—Before the court is the petition of defendant (a) to strike judgment, or (b) in the alternative to open judgment and/or (c) to strike the writ of execution and (d) to stay the execution.

## PETITION TO STRIKE JUDGMENT

In order to sustain a motion to strike a judgment, there must appear on the face of the record a defect in the manner in which it was obtained. Judgment was entered in this case based upon a note containing a confession of judgment provision. There is nothing alleged in the petition to strike which suggests a defect on the record warranting striking the judgment and that motion will be denied.

## PETITION TO OPEN JUDGMENT

In order to sustain a motion to open a judgment entered by confession, it must appear that the motion to open judgment was timely filed and that there is an allegation of a meritorious defense to the underlying obligation. The petition in this case does not allege a meritorious defense to the underlying obligation. However, the petition does allege that the confession of judgment included an attorney's commission of five percent which amounted to $145,983.92 and that such amount is on its face unreasonable and grossly excessive under the circumstances. The note in question authorized confession of judgment for a reasonable attorney's fee not to exceed five percent. Counsel for plaintiff acknowledges that the amount of attorney's fees confessed in this case is excessive and would consent to the court adjusting that amount to a sum not to exceed $1,500 through a sheriff's sale, plus a reasonable supplement in the event of additional proceedings. It is clear that the court has the discretionary power to adjust the amount of counsel fees in a case such as this and that such adjustment may be accomplished without the necessity of

opening of the judgment on the underlying obligation: Guthrie v. Reed, 107 Pa. 251 (1885). Because the amount of attorney's fees is susceptible to adjustment by the court, the petition fails to allege any ground for the opening of the judgment and, hence, the petition to open judgment will be denied.

## PETITION TO STRIKE EXECUTION

Next, defendant requests that the writ of execution be stricken because it was issued in violation of provisions of the Act of January 30, 1974, P.L. 13, sec. 407(a), 41 P.S. §407(a). That section provides:

"Confession of judgment (a) As to any residential mortgage, a plaintiff shall not have the right to levy, execute or garnish on the basis of any judgment or decree on confession, whether by amicable action or otherwise, or on a note, bond or other instrument in writing confessing judgment until plaintiff, utilizing such procedures as may be provided in the Pennsylvania Rules of Civil Procedure, files an appropriate action and proceeds to judgment or decree against defendant as in any original action. The judgment by confession shall be changed as may be appropriate by a judgment, order or decree entered by the court in the action. After the above mentioned original action has been prosecuted and a judgment obtained, that judgment shall merge with the confessed judgment and the confessed judgment shall be conformed as to amount and execution shall be had on the confessed judgment. The parties to the action shall have the same rights as parties to other original proceedings. Nothing in this act shall prohibit a residential mortgage lender from proceeding by action in mortgage foreclosure in lieu of judgment by

confession if the residential mortgage lender so desires.

"(b) Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to recover reasonable attorney's fees and costs as determined by the court.

"(c) Hereafter when any plaintiff has received payment in full for any judgment entered by confession he shall order the record in the proceeding marked satisfied within thirty days of the receipt thereof, and shall not require any action on the part of the defendant or any payment by him to cover the cost of satisfying the judgment."

Defendant contends that the provisions of section 407(a) apply to any confessed judgment. If such had been the intention of the legislature, the same could have been simply and easily stated in the statute. The court acknowledges that the language of section 407(a) is less than completely clear. However, we feel that the only fair reading of that provision is that it was designed to apply to mortgages and judgments or decrees obtained by confession on notes, bonds and other instruments covering residential property. As to other property affected by judgments obtained by confession, the rights of the debtor-party are adequately covered by the procedure available to petition the court for an opening of judgment. The petition to strike execution will be denied.

## PETITION TO STAY EXECUTION

Finally, the petition seeks to stay the execution on the grounds that the newspaper advertisement of

the execution sale in the Grit and Lycoming Reporter does not adequately describe the improvements as required by Pa.R.C.P. 3129(b)(4). The advertisement, which is Exhibit A to the petition, describes the improvements as follows: "Having erected thereon a commercial building and paved parking area." Defendant contends that this description of the improvements is unreasonably inadequate and denies defendant the right to have attracted to the sheriff's sale the largest possible number of potential buyers. Defendant contends that a reasonable and brief description of the improvements as required by Pa.R.C.P. 3129(b)(4) would be language substantially as follows:

"That the improvements on the aforesaid property are a brick commercial building containing 137,000 square feet of floor area and being known as the former Robert Hall Village and Riverside Market. It also contains a paved parking lot for approximately 660 automobiles."

The court agrees with defendant that the description of the improvements in the advertisement of the sale is inadequate and that any sheriff's sale held pursuant to such advertisement would be vulnerable to collateral attack because of the inadequacy of the advertisement. See West v. West, 72 Pitts. L.J. 461 (1924). The execution will be stayed in order that the sale may be readvertised, using language substantially as recommended by the defendant.

## ORDER

And now, April 27, 1978, it is ordered and directed that the execution scheduled in this matter be

stayed for the reasons stated herein. The petitions to strike judgment, to open judgment and to strike execution are denied.