WIEAND, Judge:
While a petition to open or strike a confessed judgment was pending, the judgment creditor was successful in attaching funds in the hands of a garnishee. When the judgment creditor thereafter satisfied the judgment, the trial court dismissed the petition to open or strike the judgment as being moot. The judgment debtor appealed. After review, we reverse.
Rose Marie Wilk was lessor and Shirley Kochara was lessee under the terms of a written lease of a commercial property. When Kochara allegedly fell behind in the payment of rent, Wilk, on February 16,1993, caused judgment to be confessed against Ko-ehara for five thousand ($5,000) dollars, plus costs, pursuant to a warrant of attorney contained in the lease. On April 8, 1993, Wilk caused a writ of attachment to be issued and served upon Penn National Insurance Company. In answers to interrogatories the garnishee admitted that it had in its possession certain proceeds which were payable to Ko-chara by virtue of an insurance settlement.
On April 21, 1993, Kochara filed a petition to open or strike the judgment. Penn National thereafter forwarded the insurance proceeds to Wilk’s lawyer, with a letter which suggested that the money was being sent pursuant to an agreement that the proceeds would be held in escrow pending the outcome of Koehara’s petition to open or strike the judgment. Denying the existence of an agreement, Wilk’s counsel proceeded to distribute the funds and to satisfy the judgment against Kochara. Wilk then requested the court to dismiss Kochara’s petition to strike/ open the judgment on grounds that it was moot.
Generally, the payment of a judgment and entry of satisfaction discharges the judgment. 20 P.L.E. Judgment § 471. Because the law contemplates an end to litigation, further proceedings may not commence upon a judgment which has been satisfied. Lance v. Mann, 360 Pa. 26, 29, 60 A.2d 35, 36 (1948). Where a judgment has been satisfied, there no longer exists an obligation which may be opened or stricken, and all questions of liability and damages are deemed extinguished. Sanctis v. Checco, 195 Pa.Super. 193, 194, 171 A.2d 542, 544 (1961), affirming, 24 Pa.D. & C.2d 121 (Allegheny 1960). See also: Linde Enterprises, Inc. v. Hazelton City Authority, 412 Pa.Super. 67, *597 77-78, 602 A.2d 897, 902 (1992), allocatur denied, 533 Pa. 601, 617 A.2d 1275 (1993); Holzapfel v. Mahony, 367 Pa.Super. 93, 96, 532 A.2d 469, 471 (1987); Continental Bank v. Frank, 343 Pa.Super. 477, 483, 495 A.2d 565, 567 (1985); Kalman v. Muzikar, 304 Pa.Super. 503, 505, 450 A.2d 1025, 1026 (1982). Satisfaction of a judgment, however, may be stricken where it has been obtained through fraud or mistake. Neustein v. Ins. Placement Facility of Pa., 271 Pa.Super. 126, 129, 412 A.2d 608, 609 (1979). See also: Winfree v. Philadelphia Elec. Co., 520 Pa. 392, 395, 554 A.2d 485, 486 (1989).
In Guthrie v. Reid, 107 Pa. 251 (1884), the Supreme Court held that where the amount owed by the debtor was in dispute, the creditor could not appropriate the debtor’s collateral, have the judgment marked as satisfied and then preclude the debtor from challenging the judgment by means of a petition to open. The Court said:
The satisfaction of the judgment after notice that the amount was disputed was improper, and if not corrected in some form, was calculated to work injustice to [the defendant], for the reason that when he should attempt to call the bank to account for the proper application of his collateral, the bank could say to him, The judgment which we satisfied is conclusive upon you as to the amount due thereon.
Id. at 257. Although Guthrie was decided many years ago, its reasoning is still sound.
In the instant case, Koehara has alleged that no moneys were due to Wilk and that the satisfaction of the judgment was obtained by fraud. These averments are sufficient to require a hearing. The petition to open the judgment, under these circumstances, is not moot. To hold otherwise would be to permit a judgment creditor to seize property of a debtor by unorthodox means and thereby prevent the alleged debt- or from challenging either the judgment or the means of obtaining satisfaction thereof. Guthrie teaches that this would be improper.
Reversed and remanded for proceedings consistent with the foregoing opinion.