**Thomas Scott LOGAN**

v.

**Debra K. LILLIE, sued individually John Rufe, Family Law Judge, sued in his official and individual capacity for equitable relief; Suzanne Logan, sued individually, all sued jointly and severally.**

**Thomas Scott Logan and Brian M. Puricelli, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 15, 2000.

Decided June 1, 2000.

Brian M. Puricelli, Newtown, for appellant.

Howard M. Holmes, Philadelphia, for appellees, Debra K. Lillie and Judge John J. Rufe.

John B. Kalinkos, Perkasie, for appellee, Suzanne Logan.

Before COLINS, J., FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

COLINS, Judge.

Appellant Brian M. Puricelli, Esquire (Puricelli), former attorney for Appellant Thomas Scott Logan in the above-captioned matter, appeals from the May 20, 1999 order of the Court of Common Pleas

of Bucks County (Trial Court) directing both Appellants, jointly and severally, to pay the sum of $7,580.58 to Suzanne Logan as reimbursement for costs and attorney fees, and the sum of $5,350.20 to the Commonwealth of Pennsylvania for legal representation of the Honorable John J. Rufe and Debra K. Lillie.

Prior to the present action, the same subject matter of this litigation with the same parties was before this Court, docketed at No. 2178 C.D.1998, and for which an opinion was filed on April 13, 1999 by the Honorable Emil E. Narick.

The factual scenario giving rise to the present appeal before our Court began with an emergency custody petition containing allegations of abuse, filed in the Trial Court by Appellee Suzanne Logan against Appellant Thomas Scott Logan. The Honorable John J. Rufe, also an Appellee in the above-captioned matter, ordered both Thomas Logan and Suzanne Logan to appear at a conference before a custody master, Appellee Debra Lillie, during which the parties were unable to reach any agreement. At a subsequent custody hearing on September 26, 1996 before Judge Rufe, the abuse charges were determined to be unsupported, and Judge Rufe entered an order reinstating the original shared custody arrangements, to which all parties agreed on the record.

Nevertheless, on September 30, 1996, Appellant Logan filed an action against Judge Rufe, Lillie, and Suzanne Logan, in the United States District Court for the Eastern District of Pennsylvania. On May 27, 1997, the complaint was dismissed for lack of subject matter jurisdiction, which dismissal was affirmed by the Third Circuit Court of Appeals. Thereafter, Appellant Logan filed suit with Commonwealth Court, which on jurisdictional grounds, transferred the case to the Trial Court. All three Appellees, Rufe, Lillie, and Suzanne Logan, filed preliminary objections raising affirmative defenses to Appellant Logan's complaint, which preliminary objections the Trial Court sustained, dismissing the complaint.

Appellant Logan then appealed to this Court, which by order dated April 13, 1999, affirmed the Trial Court's decision sustaining Appellees' preliminary objections, and remanded the matter to the Trial Court for calculation of reasonable attorney fees and costs against Appellants Logan and Puricelli, jointly and severally, pursuant to Pa. R.A.P. 2744.[1]

In compliance with Commonwealth Court's order, the Trial Court, by order dated May 20, 1999, directed that Appellants Logan and Puricelli jointly and severally pay the sum of $7,580.58 to Suzanne Logan as reimbursement for attorney fees and costs and pay the sum of $5,350.20 to the Commonwealth of Pennsylvania for legal representation of the Honorable John J. Rufe and Debra K. Lillie. Appellant Logan paid all of the foregoing amounts for both himself and Puricelli, and the judgments against both were marked satisfied. Shortly thereafter, Appellant Logan discharged Puricelli as his attorney, retained new counsel, and directed Puricelli to withdraw all pending appeals on his behalf.

Inexplicably, Appellant Puricelli now brings the present appeal disputing the Trial Court's May 20, 1999 order, calculating attorney fees and costs in compliance with this Court's April 13, 1999 directive. In light of the fact that all amounts assessed against Appellants Logan and Puri-

---

1. Pa. R.A.P. 2744 provides:

    In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

    (1) a reasonable counsel fee and
    (2) damages for delay at the rate of 6% per annum in addition to legal interest, if

    it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

celli have been paid and the judgments against both of them satisfied, the appeal before us is moot. *See Stewart v. Stewart,* 743 A.2d 955, 956 n. 5 (Pa.Super.1999), in which the payment of a judgment rendered subsequent argument concerning the judgment's validity moot, and *Sonder v. Sonder,* 378 Pa.Super. 474, 549 A.2d 155 (1988), which reaffirmed the principle that the "existence of actual controversy is essential to appellate jurisdiction and if event occurs rendering it impossible for appellate court to grant any relief, [the] issue is moot." *Id.* at 159.

Similarly in the matter before us, payment of all assessed amounts on Appellants' behalf negates any discussion of Puricelli's challenge thereto, and his appeal is dismissed as moot. The May 20, 1999 order of the Trial Court is therefore affirmed.

### *O R D E R*

**AND NOW,** this 1ˢᵗ day of June 2000, the appeal in the above-captioned matter is dismissed as moot.