J-A10024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COLIN M. BROWN AND VANESSA JAMES-BROWN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | : | No. 1737 EDA 2017 |

Appeal from the Order Entered May 10, 2017
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 11-50902

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

JUDGMENT ORDER BY McLAUGHLIN, J.: **FILED APRIL 26, 2018**

Colin M. Brown and Vanessa James Brown appeal from the order granting Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion to Mark Judgment Satisfied. We affirm.

The Browns initiated this action by filing a writ of summons against Liberty Mutual. On March 23, 2011, the Browns filed a complaint. On August 19, 2015, the trial court held a non-jury trial. On August 31, 2015, the trial court entered a verdict finding in favor of the Browns and against Liberty Mutual and awarding $11,000.00 in damages. The Browns filed a notice of appeal. This Court dismissed the appeal because the Browns had not filed a post-trial motion and, therefore, waived any claims on appeal. Order, 2913 EDA 2015 (Pa.Super. filed 12/16/2015).

_____

* Retired Senior Judge assigned to the Superior Court.

On January 18, 2016, Liberty Mutual sent the Browns an $11,000.00 check and a Praecipe to Mark the Judgment Satisfied and requested that the Browns execute the Praecipe. On February 12, 2016, Liberty Mutual sent a revised Praecipe, as the first Praecipe named Nationwide Property and Casualty Insurance as the defendant rather than Liberty Mutual. The Browns did not execute either Praecipe. Liberty Mutual then filed, on July 6, 2016, a Motion to Mark Judgment Satisfied. In response, the Browns filed a Motion to Stop Entry of Order to Mark Judgment Satisfied. After a hearing, the trial court granted Liberty Mutual's motion.[1] The Browns filed a Post-Trial Motion and Notice of Appeal. The trial court treated the Post-Trial Motion as a motion for reconsideration and denied it.

The Browns raise the following issues on appeal:

I. Whether the lower court abused its discretion and committed an error of law in marking the judgment satisfied?

II. Whether the lower court abused its discretion and committed an error in marking a judgment satisfied after evidence of fraud, an unfair hearing and process violating *pro se* Appellants due process?

Browns' Br. at 4 (unnecessary capitalization omitted).

The Browns attempt to make arguments challenging pre-trial matters and errors during the non-jury trial. We, however, cannot address the pre-trial and trial issues, as we previously found the Browns waived all issues relating to the judgment by failing to file a post-trial motion following the

---

[1] The record does not contain a transcript of this hearing.

August 2015 trial. The only issue before this Court at this point is whether the trial court properly granted the Motion to Mark Judgment Satisfied.

"A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment." 42 Pa.C.S.A. § 8104(a); *see also Wilk v. Kochara*, 647 A.2d 595, 596 (Pa.Super. 1994) ("The payment of a judgment and entry of satisfaction discharges the judgment."). A trial court may strike the satisfaction of judgment where the satisfaction "has been obtained through fraud or mistake." *Wilk*, 647 A.2d at 597.

The Browns maintain the judgment should not be marked satisfied because the amount of damages awarded, $11,000.00, does not compensate them for the damage to their property. The Browns do not dispute that Liberty Mutual paid them $11,000.00, and do not argue that Liberty Mutual satisfied the judgment through fraud or mistake. Therefore, the trial court did not err in marking the judgment satisfied.[2]

Order affirmed.

---

[2] The Browns' Motion for Continuance is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/18