IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Allentown School District | : | |
| | : | |
| v. | : | No. 1179 C.D. 2023 |
| | : | Submitted: December 5, 2025 |
| Lehigh Valley Properties and | : | |
| United States of America | : | |
| | : | |
| Appeal of: Lehigh Valley Properties | : | |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: February 20, 2026

Lehigh Valley Properties (LVP) appeals from the September 27, 2023 Order of the Court of Common Pleas of Lehigh County (trial court), which granted the Second Motion to Reassess Damages (Second Motion to Reassess) filed by Allentown School District (School District).[1]  Because we conclude that there has been an intervening change in circumstances since the filing of the appeal that renders the present appeal moot, we grant School District's Application to Dismiss Appeal as Moot (Application to Dismiss) and dismiss LVP's appeal.

## I. BACKGROUND

In 2018, School District filed a tax claim against LVP for nonpayment of real estate taxes for tax year 2017, followed by a Writ of *Scire Facias*.[2]  On February 21,

---

[1] On February 20, 2025, this Court entered an Order precluding Appellee United States of America from filing a brief and participating in the appeal.

[2] Our Court has described this type of writ as follows:

**(Footnote continued on next page…)**

2021, the trial court entered a default judgment in favor of School District and against LVP. On July 25, 2022, School District filed a Writ of Execution to collect the delinquent taxes. On September 20, 2022, LVP filed a *pro se* Motion to Strike Judgment and Stay Sheriff Sale, asserting that School District's counsel "have used the courts and sheriff to defraud LVP[]" and have "scheduled sheriff['s] sales for taxes that should have been paid ha[d] they not double billed and overcharged [LVP] without a [p]ost[-]judgment [o]rder." (Reproduced Record (R.R.) at 39.) The trial court denied the Motion to Strike because LVP failed to file a proof of service as required by the local rules of civil procedure. (*Id.* at 55.)

On October 19, 2022, School District filed its first Motion to Reassess Damages (First Motion to Reassess). On October 21, 2022, LVP filed an Amended Motion to Strike Judgment and Stay Sheriff Sale (Amended Motion to Strike).

On October 26, 2022, following a hearing, the trial court granted School District's First Motion to Reassess, assessed damages against LVP in the amount of $7,284.63, and denied LVP's Amended Motion to Strike. (*Id.* at 100-01.) LVP timely appealed from that Order, but this Court ultimately quashed the appeal on

---

> A writ of *scire facias* is a writ authorized to be issued as a means of enforcing payment of a municipal claim out of the real estate upon which such claim is a lien. Technically, it is a judicial mandate which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step. The object of the writ of *scire facias* is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution.

*W. Clinton Cnty. Mun. Auth. v. Est. of Rosamilia*, 826 A.2d 52, 56 (Pa. Cmwlth. 2003) (internal citations omitted).

2

June 23, 2023, for LVP's failure to file a court-ordered Pa.R.A.P. 1925(b) Statement. (*Id.* at 110-11.)

On July 18, 2023, School District filed its Second Motion to Reassess, seeking to amend the judgment to include additional counsel fees, costs, and interest incurred by School District in connection with LVP's Motions to Strike, the October 26, 2022 hearing, and LVP's quashed appeal.[3] School District requested that "the damages in this matter [] reflect the balance due [to School District] as $12,869.00."[4] (*Id.* at 113.)

On July 31, 2023, the trial court issued a Scheduling Order, scheduling a hearing on the Second Motion to Reassess via Zoom video conferencing for September 27, 2023, at 10:00 a.m. (*Id.* at 117.) The record shows that the trial court sent the Scheduling Order to Glenn Matthew Goodge, Esquire, LVP's then-counsel of record, via email and first-class mail. (Original Record (O.R.) Item No. 66.)

At the scheduled time of the September 27, 2023 hearing, when Attorney Goodge did not appear on Zoom, the trial court telephoned Attorney Goodge. (R.R. at 124.) Attorney Goodge answered the call and advised the trial court that the principals of LVP took the files from him and brought them to another law firm and he "ha[s]n't seen any of [the files] since." (*Id.*) Attorney Goodge informed the trial court that he intended to withdraw his appearance but had not done so yet and did not recall if he received notice of the hearing. (*Id.* at 124-25.) The trial court stated that the hearing would move forward, and Attorney Goodge stated that he would "stay on the line just because [he felt] a duty to report." (*Id.* at 125.) The trial court

---

[3] Specifically, School District asserted that it incurred counsel fees in the amount of $2,672.50, costs in the amount of $2,878.80, and interest in the amount of $41.78 since the prior reassessment of damages in October 2022. (R.R. at 128-35.)

[4] This amount was later amended to $12,877.71 based on the evidence presented at the hearing. (*See* R.R. at 136.)

3

then stated on the record that "the docket certainly indicates that the notice [of the hearing] was sent to counsel of record" and that "Attorney Goodge would like to stay on the phone[] . . . because technically he is still counsel of record." (*Id.* at 126.) Attorney Goodge was present via telephone for the entire hearing.

During the hearing, School District presented the testimony of its counsel, David Dugan, Esquire, who testified to the attorneys' fees, costs, and interest that had accrued since the trial court's October 26, 2022 Order. (*Id.* at 127-37.) School District also offered into evidence several documents establishing the amount of costs and fees incurred, which the trial court admitted. (*Id.* at 134-35.) Though given the opportunity, Attorney Goodge asked no questions on cross-examination and presented no evidence. (*See id.* at 135-37.)

Following the hearing, on September 27, 2023, the trial court granted School District's Second Motion to Reassess and, based on the evidence presented by School District, reassessed damages against LVP in the amount of $12,877.71. (*Id.* at 118.)

On October 18, 2023, LVP filed with the trial court (1) a *pro se* Notice of Appeal of the September 27, 2023 Order, and (2) a *pro se* Motion for Reconsideration of the September 27, 2023 Order. At the time, Attorney Goodge was still counsel of record. In its *pro se* Motion for Reconsideration, LVP averred in pertinent part:

> 1. [LVP] took the file from Attorney Goodge. Attorney Goodge was no longer representing [LVP] in the tax matter.
>
> 2. [LVP] was [c]harged for two [s]heriff['s] [s]ales that have not occurred.
>
> . . . .

4

4.  By law [School District is] only entitled to post-judgment interest. [School District's counsel] commits perjury in [his] testimony as to the judgment amount and sheriff['s] sale costs which have not occurred.

5.  [School District's counsel] commits fraud in their monetary amounts demanded.

6.  [LVP's] attorney has had [COVID] causing brain fog.

7.  [LVP] was not given due process.

8.  [A]ttorney [Goodge] stated the file was taken.

9.  [LVP] will post the money in a court escrow.

(O.R. Item No. 70 (internal citation omitted).)

On October 26, 2023, LVP filed a *pro se* "Emergency Request/Application for Automatic Stay" (Emergency Application) with the trial court, seeking an "[a]utomatic [s]tay from the [s]heriff['s] [s]ale scheduled for October 27, 2023[,] and future [s]heriff['s] [s]ales until the matter is resolved in the Commonwealth Court."  (O.R. Item No. 76.)  On the same day, the trial court denied LVP's Emergency Application without prejudice because the record showed that, at that time, LVP was still represented by counsel.  (O.R. Item No. 79.)  In so ruling, the trial court noted that "hybrid representation is not permitted" in Pennsylvania, so LVP's filing of a *pro se* motion while it was still represented by counsel "ha[d] no legal effect and [was] a nullity."  (*Id.*)[5]

The following day, on October 27, 2023, Attorney Goodge filed a Petition for Leave to Withdraw as Counsel (Petition to Withdraw), which the trial court granted on November 20, 2023.  (O.R. Item Nos. 80 & 84.)  In his Petition to Withdraw, Attorney Goodge averred that "within the last 30 days," LVP had "removed its files

_____

[5]  Based on this Court's review of the original record, it appears that the trial court never ruled on LVP's October 18, 2023 Motion for Reconsideration.

5

from [his] office and [] requested [Attorney Goodge] to withdraw from representation." (O.R. Item No. 80.)

On November 7, 2023, the trial court filed a Pa.R.A.P. 1925(a) Statement in support of its September 27, 2023 Order, in which it asked this Court to quash LVP's appeal because

> [LVP] failed to include a copy of the docket entry showing the entry of the order appealed from . . . as required by Pa.R.A.P. 904(d). Additionally, [LVP] failed to serve the Notice of Appeal on all parties and to file proofs of service pursuant to Pa.R.A.P. 906(a).

(Trial Ct. 1925(a) Stmt., 11/7/23, at 1.) Alternatively, the trial court asked this Court to dismiss LVP's appeal because

> [LVP] is appealing an order that was entered after a hearing was held on the issue of reassessment of damages. The transcript of that hearing was requested but not paid for. Any claims related to th[e trial] court's September 27, 2023 Order cannot be resolved in the absence of that transcript and should be deemed waived.

(*Id.* at 2); *see* Pa.R.A.P. 1911(d).

On December 19, 2023, this Court entered an Order directing the parties to address, in their principal briefs or other appropriate motion, whether LVP failed to preserve any issues for appellate review due to its failure to pay for the transcript. This Court also directed LVP to obtain counsel and declined to quash the appeal for LVP's failure to comply with Pa.R.A.P. 904(d) and 906(a). The record shows that the transcript of the September 27, 2023 hearing was subsequently prepared and filed on June 11, 2024.

On July 30, 2024, LVP, represented by new counsel, filed its appellate brief with this Court. School District filed its appellate brief on August 28, 2024. Also on August 28, 2024, School District filed with this Court its Application to Dismiss

6

and an Affidavit of Receipt of Payment of Judgment (Affidavit) prepared by School District's counsel, Robert P. Daday, Esquire. In the Affidavit, Attorney Daday avers:

> [O]n October 27, 2023, [LVP] delivered a check in the amount of $12,877.71 as payment in full for the judgment entered in the matter of *Allentown School District v. Lehigh Valley Properties*, docket number 2018-ML-1479, of the Court of Common Pleas of Lehigh County.

(Daday Aff. at 1; *see* Appl. to Dismiss ¶ 4.) Appended to the Affidavit is a handwritten receipt purportedly showing a payment by LVP to Attorney Daday's law firm via a check in the amount of $12,877.71. (Daday Aff., Ex. A.)

School District avers that it faxed a letter to the Lehigh County Sheriff's office, directing the Sheriff to stay the sale because School District had received payment of the judgment in full. (Appl. to Dismiss ¶ 6.) School District further avers that on December 6, 2023, the Sheriff's office filed a return indicating it had abandoned the levy. (*Id.* ¶ 7.) Finally, School District avers that on the day it received LVP's payment, it attempted to satisfy the judgment, but the prothonotary's office would not accept the filing because of the pending appeal. (*Id.* ¶ 5.) School District contends that in light of this change in circumstances, there is no longer a case or controversy before this Court and, therefore, LVP's appeal is moot. (*Id.* ¶¶ 4, 8, 11-12; Sch. Dist.'s Br. at 9-11.)

LVP filed an Answer to the Application to Dismiss (Answer), averring that "the appeal is not moot" because "resolution of the question of whether the [t]rial [c]ourt's jurisdiction was proper could still impact the respective legal rights and obligations of the parties." (Answer ¶ 12.) In response to School District's averment regarding LVP's purported payment of the judgment, LVP admitted only "that [Daday's] affidavit is attached" to the Application to Dismiss; LVP denied the

7

remainder of that averment "as a conclusion of law to which no response is required." (*Id.* ¶ 4.)[6]

On October 29, 2025, this Court entered an Order directing the parties to file supplemental briefs limited to the question of whether LVP's alleged payment of the judgment in full renders the present appeal moot. Both parties have now filed their supplemental briefs addressing the issue of mootness.

## II. ANALYSIS

Before we can reach the merits of LVP's appeal, we must determine whether the appeal has been rendered moot by an intervening change in circumstances, as School District contends.

It is well settled that an actual case or controversy must exist at all stages of the judicial process or a case will be dismissed as moot. *In re Duran*, 769 A.2d 497, 502 (Pa. Super. 2001);[7] *see Borough of Marcus Hook v. Pa. Mun. Retirement Bd.*, 720 A.2d 803, 804-05 (Pa. Cmwlth. 1998) (stating that an advisory opinion has no legal effect). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." *In re Cain*, 590 A.2d 291, 292 (Pa. 1991). "In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by th[e appellate c]ourt." *Erie Ins. Exch. v. Claypoole*, 673 A.2d 348, 352-53 (Pa. Super. 1996). An appellate court will not decide moot questions except in the following instances: (1) where an "[a]ppeal[] present[s] questions capable of

---

[6] On October 15, 2024, this Court, "observ[ing] that the parties have already filed their appellate briefs in this matter," directed that the Application to Dismiss and Answer be listed with the merits of the appeal. (Cmwlth. Ct. Order, 10/15/24, at 1.)

[7] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

8

repetition and apt to elude appellate review"; (2) where "a party to the controversy will clearly continue to suffer detriment due to the decision of the trial court"; or (3) "in rare instances," where an "appeal[] concern[s] questions of great public importance." *Id.*; *see Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 272 (Pa. Cmwlth. 2018) ("It is evident that the public importance exception is very rarely applied, and, where it is applied, the cases involve concrete harm to society.").

School District asserts, and Attorney Daday attests in his Affidavit, that on October 27, 2023, one month after the trial court's ruling on the Second Motion to Reassess and **after** LVP filed its Notice of Appeal, LVP hand-delivered a check to School District's counsel in the amount of $12,877.71 as payment of the judgment in full. (Appl. to Dismiss ¶ 4; Daday Aff. at 1.) School District contends that because LVP paid the September 27, 2023 monetary judgment in full, "[School District] is no longer attempting to collect on the judgment and there is no longer a case or controversy for th[is] Court to decide." (Sch. Dist.'s Br. at 11.)

Importantly, in its supplemental brief, LVP **does not dispute** that it tendered payment of the full amount of the judgment to School District. Instead, LVP asserts that even "if a judgment is paid," there are "still sufficient legal grounds for the appeal to continue." (LVP's Supp. Br. at 1.) Furthermore, in its Answer to the Application to Dismiss, LVP "denied" School District's averment regarding LVP's delivery of a check to School District in the full amount of the judgment "**as a conclusion of law**." (Answer ¶ 4 (emphasis added).) However, that particular averment was **not** a conclusion of law, it was an **averment of fact**. Under the Pennsylvania Rules of Civil Procedure, a party's failure to specifically deny a factual averment is treated as an admission. *See* Pa.R.C.P. 1029(b) (providing that the

9

failure to specifically deny an averment in a pleading results in an admission); *Piehl v. City of Philadelphia*, 930 A.2d 607, 615-16 (Pa. Cmwlth. 2007) (*en banc*) (where "the [defendant's] answer did not deny the factual averment" but "merely claimed that no response was required because the averment stated a conclusion of law," the answer was "treated as an admission"), *aff'd*, 987 A.2d 146 (Pa. 2009).

In support of its position, LVP relies exclusively on *First Union National Bank v. F.A. Realty Investors Corporation*, 812 A.2d 719 (Pa. Super. 2002), wherein delinquent taxpayers appealed from an order entering judgment against them and granting the lienholder's request to proceed with a sheriff's sale of their property. One of the issues on appeal was whether the court of common pleas "lacked jurisdictional authority to adjudicate and enter judgment in th[e] case," as the taxpayers had argued that jurisdiction properly laid with the Philadelphia Municipal Court. *Id.* at 722, 726. After the appeal was filed, the taxpayers filed a bond with the trial court, which entered a consent order, agreed to by the parties, releasing the bond monies to the lienholder. The order also stayed the sheriff's sale and specifically preserved the lienholder's right to argue to the appellate court that the appeal was moot.

Subsequently, the taxpayers paid the taxes due and related penalties, and the lienholder argued to the appellate court that since the judgment was paid and the sheriff's sale was stayed, the appeal was moot. The taxpayers countered that the issues on appeal were of great public interest and capable of repetition yet evading appellate review. The Superior Court concluded that the appeal was not moot because "resolution of **the question of whether the [t]rial [c]ourt's jurisdiction was proper** could still impact the respective legal rights and obligations of the parties" and "issues relating to service and jurisdiction are conceivably of great

10

public interest to all property owners in the City of Philadelphia." *Id.* at 725 (emphasis added). Specifically, the Superior Court reasoned that "[i]f the [trial] court which entered the consent order . . . had no jurisdiction in this matter, then its consent order was void and of no legal effect." *Id.*; *accord In re Trust of Middleton*, 313 A.3d 1079, 1087 (Pa. Super. 2024) ("Because **the issue of the orphans' court's jurisdiction remains unresolved** and such a determination is essential for the resolution of the parties' rights and the underlying matters, we cannot agree that this appeal is moot.") (emphasis added).

We conclude that *First Union* is inapposite here. *First Union* involved the ability of the trial court to enter the initial judgment. In this case, there is no challenge to the trial court's jurisdiction to enter either the October 26, 2022 Order assessing damages or the September 27, 2023 Order reassessing damages, as LVP acknowledges. (*See* LVP's Supp. Br. at 2.) The second order merely adjusted the original amount of damages based on further litigation, which resulted in School District incurring additional costs and fees. Also, unlike the taxpayers in *First Union*, LVP does not attempt to invoke any of the recognized exceptions to the mootness doctrine. Therefore, in light of these factual distinctions, *First Union* does not compel the conclusion that LVP's appeal is not moot.

School District, on the other hand, relies on *Logan v. Lillie*, 753 A.2d 322 (Pa. Cmwlth. 2000), to support its position that the present appeal is moot. In that case, Logan filed a federal civil rights action against various defendants for allegedly violating his constitutional rights in a child custody proceeding. Following the litigation of preliminary objections and Logan's unsuccessful appeal, this Court remanded the case to the trial court for the calculation of attorneys' fees and costs. On remand, the trial court directed Logan and his attorney, jointly and severally, to

11

pay costs and attorneys' fees totaling more than $12,000 to the defendants. Logan paid the entire amount of the judgment on behalf of himself and his attorney, and the judgments against both were marked satisfied on the docket. Shortly thereafter, the attorney appealed individually to this Court, contesting the validity of the judgment.

On appeal, this Court held that because the award of attorneys' fees and costs was fully satisfied by Logan, the attorney's subsequent appeal from that judgment was moot. We explained:

> In light of the fact that **all amounts assessed against [Logan and his attorney] have been paid and the judgments against both of them satisfied, the appeal before us is moot**. *See Stewart v. Stewart*, 743 A.2d 955, 956 n.5 (Pa.[ ]Super.[ ]1999), in which the payment of a judgment rendered subsequent argument concerning the judgment's validity moot, and *Sonder v. Sonder*, . . . 549 A.2d 155 ([Pa. Super.] 1988), which reaffirmed the principle that the "existence of actual controversy is essential to appellate jurisdiction and if event occurs rendering it impossible for appellate court to grant any relief, [the] issue is moot." *Id.* at 159.
>
> [I]n the matter before us, **payment of all assessed amounts on . . . behalf [of Logan and his attorney] negates any discussion of [the attorney's] challenge thereto, and his appeal is dismissed as moot.**

*Id.* at 323-24 (emphasis added); *cf. Wilk v. Kochara*, 647 A.2d 595, 596-97 (Pa. Super. 1994) ("Because the law contemplates an end to litigation, **further proceedings may not commence upon a judgment which has been satisfied.** Where a judgment has been satisfied, there no longer exists an obligation which may be opened or stricken, and **all questions of liability and damages are deemed extinguished**.") (emphasis added).

We are persuaded by this Court's reasoning in *Logan*. Similar to the judgment at issue in *Logan*, the trial court's September 27, 2023 Order assessed costs, counsel fees, and interest against LVP that had accrued since the trial court granted School

12

District's First Motion to Reassess in October 2022. (*See* R.R. at 118 (ordering "that the damages in this matter be reassessed to reflect the balance due [School District] as $12,877.71").)[8] The **only** issue before the trial court at the September 27, 2023 hearing was the **amount of additional damages** to be assessed against LVP since the trial court's prior damages ruling. As set forth in the Second Motion to Reassess, the additional costs, counsel fees, and interest incurred by School District resulted from the litigation of LVP's Motions to Strike, the October 26, 2022 hearing, and LVP's prior quashed appeal. We recognize that, unlike *Logan*, here the judgment was not officially marked "satisfied" on the trial court docket, but that is merely a formality. *See Seasor v. Covington*, 670 A.2d 157, 159 (Pa. Super. 1996) (explaining that "satisfaction" of a judgment "refers to a situation in which a creditor has received full payment for the underlying debt obligation").[9] According to School District, it attempted to satisfy the judgment with the trial court on the day it received LVP's payment, but the prothonotary's office rejected the filing due to the pending appeal, which LVP had filed nine days earlier. (Appl. to Dismiss ¶ 5; *see* O.R. Item No. 1); *see Collis v. Zoning Hearing Bd. of City of Wilkes-Barre*, 465 A.2d 53, 56 (Pa. Cmwlth. 1983) ("It is, of course, well-established as a general rule that the trial court may no longer proceed in a matter after an appeal is filed."). That was not the situation in *Logan*, where the appeal was filed *after* payment of the judgment. As School District points out, because LVP paid the September 27, 2023 judgment in full, "**[School District] is no longer attempting to collect on the judgment** and

---

[8] This amount reflects a $5,593.08 increase from the trial court's prior assessment of damages against LVP in October 2022.

[9] *See* Section 8104(a) of the Judicial Code, 42 Pa.C.S. § 8104(a) (providing that "[a] judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall[] . . . enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment").

there is no longer a case or controversy for th[is] Court to decide." (Sch. Dist.'s Br. at 11 (emphasis added).)

Although given the opportunity to provide the Court with additional information through supplemental briefing, LVP still does not explain why it issued a payment for the full amount of the reassessed damages to School District, rather than post a bond pursuant to the Pennsylvania Rules of Appellate Procedure or place the funds in escrow, as it had initially represented to the trial court. (*See* O.R. Item No. 70 (in its *pro se* Motion for Reconsideration of the September 27, 2023 Order, LVP stated that it "will post the money in a court escrow").) LVP simply asserts, incorrectly, that "[t]here is no requirement that an [a]ppellant put up a security to act as a supersedeas." (LVP's Supp. Br. at 3.) Pennsylvania Rule of Appellate Procedure 1731(a) specifically provides:

> [A]n appeal from **an order involving solely the payment of money shall**, unless otherwise ordered pursuant to this chapter, **operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due** by the lower court and remaining unpaid.

Pa.R.A.P. 1731(a) (emphasis added). Here, the trial court's September 27, 2023 Order involved only the payment of money, as it assessed costs, counsel fees, and interest against LVP that had accrued since the prior assessment of damages.[10]

Applying the reasoning of this Court's decision in *Logan*, we conclude that LVP's payment of all damages assessed against it in the trial court's September 27,

---

[10] School District also asserts, in the alternative, that LVP was required to post security pursuant to Pa.R.A.P. 1733(b), but that rule appears to be inapplicable to the present appeal. Rule 1733(b) applies "when the order [appealed from] determines **the disposition of the property** in controversy." Pa.R.A.P. 1733(b) (emphasis added); *see also* Pa.R.A.P. 1733(a) (stating that the rule applies to "[a]n appeal from **an order which is not subject to Rule 1731 (automatic supersedeas of orders for the payment of money)**"). As stated above, the order at issue here involved only the payment of money.

14

2023 Order, which LVP does not dispute, renders its present challenge to the validity of that order moot. *See Logan*, 753 A.2d 323-24; *see also Minersville Area Sch. Dist. v. Pa. Lab. Rels. Bd.*, 568 A.2d 979, 981 (Pa. Cmwlth. 1989) (dismissing appeal as moot where the "[s]chool [d]istrict complied with the arbitrator's award" that was the subject of the appeal, and, therefore, "there [was] no longer an actual controversy in existence"). Further, unlike *First Union*, LVP does not challenge the trial court's jurisdiction to enter the September 27, 2023 Order, nor does LVP invoke any of the recognized exceptions to the mootness doctrine.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, we grant School District's Application to Dismiss and dismiss LVP's appeal as moot.

_____
RENÉE COHN JUBELIRER, President Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allentown School District         :
:
v.            :    No. 1179 C.D. 2023
:
Lehigh Valley Properties and    :
United States of America       :
:
Appeal of: Lehigh Valley Properties  :

# **O R D E R**

NOW, February 20, 2026, the Application to Dismiss Appeal as Moot filed by Allentown School District is hereby **GRANTED**, and this appeal is hereby **DISMISSED AS MOOT**.

_____
RENÉE COHN JUBELIRER, President Judge